UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

————

No. 6:25-cv-00293

————

**James Harrison Fisher,**
*Plaintiff,*

v.

**Letricia Ann Smith et al.,**
*Defendants.*

————

**ORDER**

Plaintiff, proceeding pro se, sued defendants under numerous state statutes. Doc. 1. The case was referred to a magistrate judge. The magistrate judge's report and recommendation concluded that plaintiff's case should be dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 2 at 5. Plaintiff filed objections to the report. Doc. 6.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

**I.  Legal standard**

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C.

§§ 1331–32. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists if (1) no defendant is a citizen of the same state as any plaintiff and (2) the matter in controversy exceeds $75,000. *Id.* § 1332. "[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. United States*, 874 F.2d 280, 281–82 (5th Cir. 1989).

## II. Claims and objections

Plaintiff's brought this action to quiet title to property located in Smith County, Texas that was distributed through the estate of W.A. Moland ("Estate") who died in 1993. Doc. 1. Plaintiff alleges that he is an heir to the Estate through Eloise Nance, his mother, who received the property in question. Plaintiff alleges that his mother passed away in 2007 and that since then he has been the rightful owner of the property and has paid the property taxes from 2008–2023. Plaintiff adds that the total sum for the property in question is $91,178.00. Doc. 6 at 4.

Plaintiff's objections restate his claims of violations of several Texas property and civil codes. Doc. 6. While he also asserts two federal codes—18 U.S.C. §§ 371 and 1341—these are penal codes that do not provide a basis for federal jurisdiction. *See Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (individuals have "no right to bring a private action under federal criminal statutes").

Considering that diversity is the only plausible basis for jurisdiction, plaintiff objects to the magistrate judge's conclusion that the amount in controversy does not appear to be met based on the public record value of the property in question. Plaintiff's own allegations prove the amount-in-controversy requirement has not been met. Plaintiff claimed in 2023, the year of the alleged injury, that the value of each tract of land was $60,000 and $4,995, respectively. Doc. 1-2. Public records confirm the amount in controversy does not exceed $75,000. *See* Smith County Appraisal

District, *Acct. 100000080001050070*, https://www.smithcad.org/Search/PropertySearch.html (last visited September 29, 2025); *id.* at *Acct. 100000080001050200*. That alone is sufficient to conclude that jurisdiction has not been established. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If an exhibit attached to the complaint contradicts an allegation in the complaint, the exhibit controls.").

Plaintiff has provided no additional information for any account that would satisfy the amount-in-controversy requirement. Indeed, "the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam). Because plaintiff has not identified any property whose value meets the amount in controversy, he has not established that the requirements for diversity jurisdiction are met.

Further, though plaintiff again asserts that he is seeking punitive damages, he has alleged no facts to support those damages. *See Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, No. 4:06-cv-01509, 2007 WL 556862, at *2 (S.D. Tex. Feb. 12, 2007) ("even if Plaintiff's claims including . . . exemplary damages . . . arguably could exceed $75,000, such is not facially apparent from the complaint . . . [without] additional facts or proof in support of federal jurisdiction") (cleaned up); *see also Sanchez v. Aburto*, No. 3:18-cv-02460, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018) ("without any factual allegations from which the court can assess the potential actual damages in this case, it has no way of reasonably inferring the potential for an award of exemplary damages"). Accordingly, the court agrees that it lacks subject matter jurisdiction over this action. Plaintiff's claims should be pursued in Texas state court.

### III. Conclusion

As stated above, plaintiff's objections lack merit and the court lacks subject-matter jurisdiction over the asserted claims. Having reviewed the report and recommendation de novo and finding no error, the court accepts the report's findings and

recommendations. Plaintiff's claims are dismissed without prejudice for lack of subject-matter jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on October 29, 2025.*

J. CAMPBELL BARKER
United States District Judge